MITCHELL MOTOR CO. OF NEW YORK v. CHANDLER. (No. 7587.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. EVIDENCE ☞441—PAROL EVIDENCE TO VARY WRITING.

In an action to recover for work and materials furnished to defendant at his request, where it appeared that the warranty providing for the replacement of defective parts, etc., was in writing, and that the sale contract provided that there were no agreements other than those clearly specified therein, parol evidence as to conversations prior to the execution of the contract and as to a verbal guarantee was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723, 1763, 1765–1845, 2030–2047; Dec. Dig. ☞441.]

2. APPEAL AND ERROR ☞1169—TRIAL ON WRONG THEORY—REVERSAL.

In an action by a motor company to recover $120 for work and materials furnished at defendant's request in connection with his automobile, purchased through plaintiff's agency under a written sale contract containing a warranty for one year, limited to the furnishing, at the factory, of such parts as, under normal use, appeared to have been defective in material or workmanship, without other than the prepaid transportation charges, the allowance of a defense in the amount of $81.56, the cost of labor, without any evidence that the amount of the bills proven was for defective parts within the warranty, was a submission upon an erroneous theory, so that the judgment for plaintiff, and for defendant for costs, would be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531–4539; Dec. Dig. ☞1169.]

Appeal from Trial Term, New York County.

Action by the Mitchell Motor Company of New York against John F. Chandler. From a judgment for costs recovered by the defendant, rendered upon a verdict in plaintiff's favor for $21.80, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry Hoelljes, of New York City, for appellant.
William W. Butcher, of Brooklyn (Joseph G. Williamson, Jr., of New York City, of counsel), for respondent.

CLARKE, J. The action was to recover $120.09 for work, labor, and services, and the furnishing of certain materials in connection therewith, for the defendant, at his request, upon an automobile belonging to the defendant. The answer, for a separate defense, alleges that the plaintiff sold the defendant a certain automobile for $1,500, and as a part of the condition of sale plaintiff warranted in writing the

said automobile for one year from the date of shipment, which said warranty provided for the replacement of defective parts and the making good of defective workmanship, free of all except transportation charges; that the automobile and its parts were defective within the warranty, and said certain defective parts were replaced and repairs made by the plaintiff, which the defendant believes are the same referred to in the plaintiff's complaint, and, if such is the case, the plaintiff has been paid for the same in the consideration paid in the original contract. The contract for the sale of the automobile in question was in writing, and signed by both parties, and contained the following provision:

"It is understood and agreed that there are no promises, understandings, or agreements of any kind pertaining to this order that are not clearly specified on it. This car is sold under a warranty of the Mitchell-Lewis Motor Company, a copy of which is printed in their catalogue."

The plaintiff, a New York corporation, was apparently the selling agent of the Mitchell-Lewis Motor Company, which was located at Racine, Wis. The warranty referred to in the contract of the Mitchell-Lewis Motor Company provides as follows:

"We warrant the motor vehicles manufactured by us for one year after the date of shipment; this warranty being limited to the furnishing at our factory of such parts of the motor vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship. This warranty is limited to the shipment to the purchaser, without charge, except for transportation, of the part or parts intended to replace the part or parts claimed to have been defective, and which, upon their return to us at our factory for inspection, we shall have determined were defective, and provided the transportation charges for the parts so returned have been prepaid. * * * The purchaser understands and agrees that no warranty of the motor vehicle is made or authorized to be made by the company, other than that hereinabove set forth."

[1, 2] Notwithstanding that the contract was in writing, and that the defendant in his answer especially averred the warranty in writing, the defendant was permitted to prove, over objection and exception, conversations held prior to the execution of the written contract and a verbal guaranty, although the contract expressly provided:

"It is understood and agreed that there are no promises, understandings, or agreements of any kind pertaining to this automobile that are not clearly specified on it."

Under the written agreement the warranty was limited to the furnishing of such parts of the motor vehicle "as shall under normal use and service appear to us to have been defective in material or workmanship." It was in evidence that the plaintiff renewed a defective arm to the frame for which it did not charge defendant anything, accepting that defect as being within the warranty. Twenty-one dollars and eighty cents of the bill was made up of the expense of sending a man to White Plains, and for grease and gasoline furnished. The court directed a verdict for the plaintiff for that amount. Of the rest of the bill, $81.56 was the cost of labor. There was no evidence to sustain the defense that the amount of the bills proven were for

defective parts within the warranty. Improper evidence was received, and the case was submitted by the court to the jury upon an erroneous theory.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.